UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | 25-CR-342 (RC) |
| v. | : | |
| ERIC MALIK SMITH | : | |

**REPLY IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Mr. Eric Smith, through undersigned counsel, respectfully submits this reply to the government's response (ECF No. 11) in further support of his motion to suppress.

The government does not meaningfully contest Mr. Smith's first argument, that there was no probable cause to arrest him on August 9, 2025. Rather the government argues that the appropriate result is not suppression of the firearm because Mr. Smith abandoned the firearm, and that suppression of DNA is not appropriate because that is an entirely separate analysis.

However, the laws on abandonment are inapplicable to this case. In addition, under any analysis, there was simply no probable cause to obtain Mr. Smith's DNA.

Lastly, the government cannot rely on good faith.

1

**I.   The case law on traditional abandonment is inapplicable to this case**

The government argues that Mr. Smith did not have an expectation of privacy because the firearm was left on the wheel of a car that did not belong to him. However, Mr. Smith's argument is not that the police searched the vehicle unlawfully[1], but rather that because there was no probable cause to arrest him, the government cannot use evidence obtained in connection with that arrest.

The government provided case law discussing abandonment in the context of people throwing property while in pursuit by the police. Gov Res. at 11-12. For example, in *U.S. v. Thomas*, 864 F.2d 843 (D.C. Cir. 1989), the defendant dropped his backpack while police were pursuing him and the Court ruled that he had no expectation of privacy in his backpack and therefore police did not need probable cause or a warrant to search his backpack. *See also U.S. v. Jones*, 707 F.2d 1169 (10th Cir. 1983) (defendant abandoned satchel after police pursuit). These cases are completely inapplicable to this case where Mr. Smith did not drop a bag while running or throw the gun over the fence while running. This case is not about an unlawful search but rather about an unlawful arrest.

The firearm and buccal swab in this case was seized based upon "the exploitation of illegality," and therefore may not be used against Mr. Smith. *Wong Sun v. U.S.* 371 U.S. 471, 488 (1963).

> The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in

---

[1] In fact, it was not a search at all because the firearm was observed in plain view.

2

those particular investigating officers, or in their future counterparts, a greater degree of care towards the rights of an accused.

*Michigan v. Tucker*, 417 U.S. 433, 447 (1974).

## II. If there was no probable cause to arrest Mr. Smith, then there was also no probable cause to obtain a buccal swab absent additional investigative facts

Regardless of the fact that a magistrate judge dismissed this case in a different jurisdiction for insufficient probable cause, Mr. Smith argues there was insufficient probable case to arrest him and to obtain a buccal swab warrant. Mr. Smith provides the reasoning of the magistrate court as further support for why the initial probable cause to arrest was insufficient. The government suggests that the analysis for probable cause to obtain a warrant for a buccal swab is unique in some respects. However, ultimately, the issuance of the warrant must be grounded in a probable cause determination, and the reviewing court ensures that the magistrate had a "substantial basis or concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 214 (1983).

In this case, there was no substantial basis for concluding that probable cause existed. Based upon the same information given as support for the arrest, the same police officers requested a warrant for a buccal swab less than 24 hours later. There were no additional investigative steps taken between the unlawful arrest and the submission of a warrant application. There were no attempts to corroborate the third-party witness information. Therefore, there was no "fair probability" that relevant evidence would be found as a result of a buccal swab because there was no fair probability that Mr. Smith possessed the firearm to begin with.

An affidavit for a warrant "must provide the magistrate with a substantial basis for determining the existence of probable cause," and cannot be "a mere ratification of the bare conclusions of others." *Id*. at 239. But that is exactly what the affidavit in this case was, it was a suspicion drawn based on the observations of other people. MPD did not wait until they viewed the surveillance footage, rather they accepted the bare conclusions of others. Even if they had viewed the surveillance footage, there still would not be sufficient probable cause based upon Mr. Smith walking around and ducking next to a vehicle.

Lastly, the police cannot rely on good faith because no objectively reasonable officer would rely a warrant so deficient in probable cause. The *Leon* good-faith exception does not apply if a warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *U.S. v. Leon*, 468 U.S. 897, 923 (1984). The D.C. Circuit, in answering this question, asks "whether an objectively reasonable officer could think the affidavit established probable cause." *U.S. v. Griffith*, 867 F.3d 1265, 1278 (D.C. Cir. 2017). In this case, no reasonable officer should have determined there was sufficient probable cause to arrest Mr. Smith and based upon the same facts obtain a warrant for his DNA. What officers here did was speculate based upon a hunch that because Mr. Smith was supposedly around a vehicle where a gun was found, that he was in possession of that firearm at some point. There are absolutely no facts that establish probable cause that Mr. Smith was in possession of a firearm that day.

## Conclusion

For these reasons and any such other reasons as may be presented at a motions hearing, Mr. Smith respectfully requests this Court suppress the use of all physical evidence at trial.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

            /s/
        Maria N. Jacob
        Assistant Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500